McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Marshall C. Whitney, #82952
W. F. Docker, #76250
Timothy J. Buchanan, #100409
5 River Park Place East
Fresno, California 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ANTONIO CAMPOS and JULIET CAMPOS, Trustees of the ANTONIO AND JULIET CAMPOS FAMILY TRUST doing business as CAMPOS BROTHERS FARMS,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPOS FAMILY FARMS, LLC., a California limited liability company; VERONICA CAMPOS, individually; FERMIN M. CAMPOS, individually and as Trustee of the FERMIN and VERONICA CAMPOS FAMILY TRUST and the FERMIN M. CAMPOS ADMINISTRATIVE TRUST; ALFREDO MARTINEZ, individually; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 12-CV-00598-LJO-GSA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Lawrence J. O'Neill<br>Date: June 4, 2012<br>Time: 8:30 a.m.<br>Crtrm.: 4<br><br>The Hon. Hon. Lawrence J. O'Neill<br><br>Trial Date: None |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND............................................................................................. 1

III. LEGAL ARGUMENT ...................................................................................................... 3

    A.    The Federal Arbitration Act ("FAA") Applies To This Motion. ............................. 3

    B.    General Standards Governing Motions And Petitions To Compel Arbitration. ....... 4

    C.    The Parties Agreed To Arbitrate All Disputes Relating To Enforcement and Implementation Of Their Agreements. ................................................................... 5

    D.    All Of Plaintiffs' Claims Are Arbitrable. ................................................................. 6

    E.    The Statutory Claims Are Fully Arbitrable. ............................................................ 8

    F.    A Stay Of Further Proceedings In This Court Is Mandatory. ................................. 8

IV. CONCLUSION .................................................................................................................. 9

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

Page

**CASES**

*Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995) .................. 3

*AT & T Technologies, Inc. v. Communications Workers of America*,
    475 U.S. 643, 650 (1986) .................. 4, 6

*Comedy Club, Inc. v. Improv West Associates*,
    553 F. 3d 1277, 1284 (9th Cir. 2009) .................. 6

*Comer v. Micor, Inc.*,
    436 F.3d 1098, 1101 (9th Cir. 2006) .................. 8

*Mago v. Shaearson Lehman Hutton Inc.*,
    956 F.2d 932, 935 (9th Cir. 1992) .................. 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614, 626 (1985); .................. 5

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*,
    460 U.S. 1, 24 (1983) .................. 4

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-402 (1967) .................. 3

*Republic of Nicaragua v. Standard Fruit Co.*,
    937 F. 2d 469, 475 (9th Cir. 1991) .................. 4

*Roberts v. Synergistic International, LLC*,
    676 F.Supp.2d 934, 946 (E.D. Cal. 2009 .................. 4, 5, 6, 8

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716, 719 (9th Cir. 1999) .................. 6, 8

*Three Valleys Mun. Water Dist. v. E. F. Hutton & Co.*,
    925 F.2d 1136, 1139 (9th Cir. 1991) .................. 4, 6

*Vaden v. Discover Bank*,
    556 U.S. 49, 59 (2009) .................. 4

*Wilmot v. McNabb*,
    269 F.Supp.2d 1203, 1208 (N.D. Cal. 2003) .................. 8

**STATUTES**

15 U.S.C. §§ 1114-1118, 1121, and 1125 .................. 5

28 U.S.C. §§ 1331 and 1338(a) .................. 5

9 U.S.C. § 2 .................. 3, 4

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

# TABLE OF AUTHORITIES
(continued)

Page

9 U.S.C. § 3 ...................................................................................................................... 1

9 U.S.C. § 4 ................................................................................................................ 1, 4, 8

9 U.S.C. § 6 ...................................................................................................................... 4

9 U.S.C. §§ 3, 4 ............................................................................................................... 4

# I.
# INTRODUCTION

Plaintiffs raise a host of claims that all are centered around allegations that Defendants allegedly infringed trade names and trademarks now held exclusively by Plaintiffs. Plaintiffs' claims on the face of the Complaint depend entirely upon three (3) written agreements they signed with Defendants in August 2011 and January 2012, which they contend transferred those exclusive name and mark rights to Plaintiffs from Defendants. Each of the agreements has a dispute resolution clause that mandates mediation, then binding arbitration before designated persons. Plaintiffs have ignored Defendants' demand for arbitration. This motion to compel is therefore necessary, meritorious, and should be granted.

The motion should be granted as to all parties and claims in the case. Upon granting the motion, the Court is required to grant Defendants' request for a stay of all proceedings in this Court until final completion of arbitration proceedings. 9 U.S.C. § 3.

# II.
# FACTUAL BACKGROUND

This motion accompanies Defendants' corresponding petition to compel arbitration ("Pet."), filed under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. All parties to the present action are signatories to all or part of part three (3) separate written agreements entered into in August 2011 and January 2012. Pet. ¶ 3.

Plaintiffs' Complaint in this action (hereafter "Complaint") specifically alleges the execution and part of the content of these agreements as a basis for Plaintiffs' numerous claims. Complaint [Doc. 1], ¶¶ 29-33. The Settlement Agreement dated August 26, 2011, contains the following provision regarding dispute resolution:

> "11. <u>Dispute Resolution.</u> Any and all disputes over the terms
> or implementation of this agreement consisting of Paragraphs 1-12
> herein shall be resolved by the Arbitrator, Nickolas Dibiaso, but first
> must be submitted to mediation by James Simon and Mike Ueltzen. If
> the mediation does not produce an agreement, the mediators will be

authorized to submit a report and recommendation to Justice Dibiaso in order for him to resolve the matter consistent with the general intent of the parties and principals of fairness and equity [.]"

Pet., ¶ 4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4.

A second agreement, entitled "Addendum to Settlement Agreement," was signed by the parties on January 17, 2012, to implement their settlement. It provides in part:

> "12. The parties agree that the Dispute Resolution Procedure set forth in ¶ 11 of the Monterey Agreement [Ex. "A" to the Petition] shall remain in control to enforce the parties' Settlement until performance in full of the terms of the Settlement."

Pet., ¶ 4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4

Finally, a Buyout Agreement, also executed on January 17, 2012, contains the following provisions regarding Dispute Resolution:

> "2. **Dispute Resolution.** Any and all disputes over the terms and implementation of this Agreement shall be resolved by Justice Nickolas J. Dibiaso pursuant to his jurisdiction in the *Campos v. Campos* Superior Court Action Case No. 10 CECG 01292…but first must be submitted to mediation by James Simon and Mike Ueltzen. If the mediation does not produce an agreement, the mediators shall be authorized to submit a report and recommendation to Justice Dibiaso in order for him to resolve the matter consistent with the general intent of the parties and principles of fairness and equity.
>
> …
>
> 13. **Retention of Jurisdiction.** The parties agree that the Dispute Resolution Procedure set forth in paragraph 2 herein shall remain in control to enforce the parties' Settlement until performance in full of the terms of the Settlement."

Pet. ¶ 4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

Plaintiffs' Complaint alleges that the above agreements transferred to Plaintiffs the "goodwill" of Campos Brothers Farms that they contend subsumes exclusive trade name and trademark rights allegedly infringed by Defendants. Complaint [Doc. 1], ¶¶ 29-33. These allegations are then incorporated into each and every claim for relief in the Complaint. Complaint [Doc. 1], ¶¶ 42, 58, 67, 75, 80, 89, 99, 106, 112, 116, 121, 131, 138, 145, 152, 161, 169, 174. The transfer of "goodwill" of Campos Brothers Farms, which is alleged to have included the trade names and trademarks associated with that business, is specifically alleged to be the basis of the claims as well. Complaint [Doc. 1], ¶¶ 48, 53, 64, 69, 70, 78, 83, 84, 96, 103, 113, 140, 144, 146, 147, 153, 154, 157, 158, 162, 164, 171.

Further, the parties have executed a mutual release that covers all claims through January 17, 2012, with the exception of rights that derive from these settlement agreements. *See* Pet., ¶ 5. Accordingly, Plaintiffs' claims for conduct on or before January 17, 2012 (and the Complaint includes numerous such acts) have to be based upon these agreements, or they are released. The mediation/arbitration provisions in those agreements, accordingly, govern the dispute resolution procedure Plaintiffs were required to follow, but did not.

### III.
### LEGAL ARGUMENT

A. **The Federal Arbitration Act ("FAA") Applies To This Motion.**

The FAA provides for enforcement of arbitration provision in any contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. The transaction at issue must involve interstate commerce in some way, but the parties need not have intended interstate activity when they entered into it. *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 277 (1995). The FAA governs if the underlying contract facilitates interstate commercial transactions or directly or indirectly affects commerce between states. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401-402 (1967).

Here, Plaintiffs repeatedly allege the interstate and global reach of their business operations, which were divided pursuant to the controlling agreements at issue. *See* Complaint [Doc. 1], ¶¶ 18-20, 23, 47, 60, 91-92. Plaintiffs further allege that its trade name and trademarks have achieved "an enormous and worldwide recognition" and are "famous" within the meaning of federal law. *Id.*, ¶¶

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

91-92. There is no question that these agreements, which are intended to divide among owners the assets of such a company, and which on the face of Plaintiffs' Complaint resulted in the transfer of these "famous" marks, are directly involved in and affect interstate and international commerce. Accordingly, the FAA applies to the procedural enforcement of the arbitration provisions at issue.

**B.     General Standards Governing Motions And Petitions To Compel Arbitration.**

The FAA permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that such arbitration proceed in the manner provided for in such an agreement." 9 U.S.C. § 4. Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

"If a party fails to comply with the arbitration agreement, this Court will stay the proceedings and issue an order to compel arbitration." *Roberts v. Synergistic International, LLC*, 676 F.Supp.2d 934, 946 (E.D. Cal. 2009 (per O'Neill, J.); *see* 9 U.S.C. §§ 3, 4. "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991), *quoted* in *Roberts, supra*, 676 F.Supp.2d at 946. "[W]here a contract contains an arbitration clause, there is a presumption of arbitrability." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986), quoted in *Roberts, supra*, 676 F.Supp.2d at 946. "Under the Federal Arbitration Act ("Act"), 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Roberts, supra*, 676 F.Supp.2d at 946, quoting *Three Valleys Mun. Water Dist. v. E. F. Hutton & Co.*, 925 F.2d 1136, 1139 (9th Cir. 1991).

Petitions to compel arbitration proceed in all respects as motions. 9 U.S.C. § 6; *see Roberts, supra*, 676 F.Supp.2d at 946. The above rules are a reflection of the FAA's strong federal legislative policy favoring arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

While the FAA does not in itself confer federal jurisdiction, the presence of underlying claims in the case that arise under federal law will provide the court with jurisdiction to enforce arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). The Court "looks through" the arbitration petition to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

determine if there is an independent basis for federal jurisdiction in the Plaintiffs' claims. *Id.* at 62. Here, there is no dispute Plaintiffs' claims are heavily predicated upon federal jurisdiction invoked under the Lanham Act, 15 U.S.C. §§ 1114-1118, 1121, and 1125, as well as general federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). *See* Complaint [Doc. 1] ¶ 1.

C.   **The Parties Agreed To Arbitrate All Disputes Relating To Enforcement and Implementation Of Their Agreements.**

The Court's first task on a motion to compel arbitration is to determine whether the parties agreed to arbitrate the disputes at hand. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Roberts, supra,* 676 F.Supp.2d at 948. Here, there is no dispute that the parties entered into the three (3) agreements that contain the controlling dispute-resolution clauses. Complaint [Doc. 1], ¶ 29; Pet., ¶¶ 3-4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4.

Moreover, there is no dispute that Plaintiffs rely heavily upon the alleged goodwill transfers set forth in these agreements to allege the exclusive name and trademark rights they seek to enforce through all of the claims set forth in this action. Simply put, without the transfer of "goodwill" Plaintiffs allege, Plaintiffs would have no such exclusive rights, since Defendants, as partners, would share those rights absent the transfer. *See* Complaint [Doc. 1], ¶¶ 9, 48, 53, 64, 69, 70, 78, 83, 84, 96, 103, 113, 140, 144, 146, 147, 153, 154, 157, 158, 162, 164, 171.

For this additional reason, Plaintiffs have expressly incorporated their allegations about the execution of these agreements into each and every claim for relief they assert in this Complaint. Complaint [Doc. 1], ¶¶ 42, 58, 67, 75, 80, 89, 99, 106, 112, 116, 121, 131, 138, 145, 152, 161, 169, 174.

Again, all doubts about arbitrability are decided in favor of sending the parties to arbitration. *Roberts, supra,* 676 F. Supp.2d at 946. To this end, there is a presumption of arbitrability of claims. *Id.* By any interpretation, Plaintiffs' Complaint is an attempt to implement and enforce the parties' settlement agreements. As each of those agreements contains a provision requiring mediation and binding arbitration, the agreements must be enforced and the parties must be ordered to arbitration according to the precise terms of their agreement.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

### D. All Of Plaintiffs' Claims Are Arbitrable.

Federal substantive law governs the question of arbitrability. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). "The standard for demonstrating arbitrability is not high. The Supreme Court has held that the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* The parties' agreements "are to be rigorously enforced" and the Court must order arbitration "if it is satisfied that the making of the agreement for arbitration is not in issue." *Id.* at 719-720.

As noted above, there is a presumption of arbitrability where a contract contains an arbitration clause. *Roberts, supra*, 676 F.Supp.2d at 946. Any doubts on the scope of the arbitratility issues should be resolved in favor of arbitration. *Id.* at 946; *Three Valleys Mun. Water Dist. v. E. F. Hutton & Co., supra*, 925 F. 2d at 1139. Arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Technologies, Inc. v. Communications Workers of America, supra*, 475 U.S. at 650; *Comedy Club, Inc. v. Improv West Associates*, 553 F. 3d 1277, 1284 (9th Cir. 2009). An ambiguous provision is interpreted to cover its broadest possible reach. *Comedy Club, supra*, 553 F. 3d at 1286.

Claims need only "touch on" the contract for them to be arbitrable under the broad approach of federal case law. *Simula, Inc. v. Autoliv, Inc., supra*, 175 F.3d 716, 721. Here the claims not only touch on the contracts, they are entirely dependent on the contracts for their legal sustenance.

Here, the August 26, 2011, agreement requires the parties to submit to mediation and binding arbitration "[a]ny and all disputes over the terms or implementation of this agreement," which then requires first a submission to the mediators, who then would make a report and recommendation to the specified arbitrator (retired Justice Nickolas J. Dibiaso) "in order for him to resolve the matter consistent with the general intent of the parties and principles of fairness and equity." Pet., ¶¶ 3-4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4. The Addendum of January 17, 2012, sets forth the parties' agreement that the dispute resolution procedure set forth in ¶ 11 of the August 2011 agreement "shall remain in control to enforce the parties' Settlement until performance in full of the terms of the Settlement." Pet., ¶ 4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4. The Buy Out Agreement of the

same date has the same language as the August 26 agreement. Pet., ¶ 4; F. Campos Dec., ¶ 3; A. Martinez Dec., ¶ 4.

Here, as previously noted, the Plaintiffs are attempting to enforce the terms of these agreements by alleging that Defendants infringed trade names and trademarks held exclusively by Plaintiffs by virtue of those agreements, and concealed material facts from Plaintiffs allegedly to induce Plaintiffs to enter into the agreements. All claims are entirely dependent upon the agreements for their legal substance, and in fact would not be cognizable at all absent the agreements. The "terms" and "implementation" of those agreements are squarely at issue. Accordingly, this Complaint from start to finish is simply an attempt to interpret, enforce and implement the goodwill transfers Plaintiffs allege were accomplished by the agreements, carrying with them, according to Plaintiffs' construction, the attendant trade names and trademarks. Plaintiffs seek injunctive relief and damages, but not rescission of the agreements themselves.

The arbitration provisions also apply to all of the parties to this litigation. Each of the Plaintiffs is a signatory to all three (3) agreements, as are Defendants Veronica Campos and Fermin M. Campos, individually and as trustee. Defendant Campos Family Farms, LLC, is not a signatory to the agreements, but is alleged to have been formed by all Defendants post-settlement for the specific purpose of violating the agreement for transfer of goodwill and infringing Plaintiffs' acquired exclusive rights by creating name confusion, according to Plaintiffs' allegations. Complaint, ¶ 46. The LLC is also alleged be the employer of signatory Defendants for Veronica Campos and Fermin M. Campos, and owned by them as well. Complaint [Doc. 1], ¶¶ 5-7, 34. Plaintiffs allege the formation of this LLC was a violation of Plaintiffs' rights granted them under the agreement. Complaint, ¶ 46.

Defendant Alfredo Martinez is a signatory of the Addendum of January 17, 2012 as to certain provisions, and of the Buy Out Agreement of January 17, 2012. Further, he is alleged to have participated with the other Defendants in forming Campos Family Farms, LLC, and is employed by that entity. Complaint [Doc. 1], ¶¶ 8, 34. All of the Defendants, collectively, are alleged to have committed the various wrongs against Plaintiffs derived from rights they allege to possess by virtue of the goodwill transfers effectuated by the agreements. The nonsignatory LLC is alleged to be in

essence an agent and instrumentality of Defendants' alleged wrongs and thus is within the scope of the dispute resolution clauses. *See, e.g., Wilmot v. McNabb,* 269 F.Supp.2d 1203, 1208 (N.D. Cal. 2003) (claims against parent and subsidiary based on same facts are arbitrable even if one did not sign the contract); *Comer v. Micor, Inc.,* 436 F.3d 1098, 1101 (9th Cir. 2006) (agency principles and estoppel by invoking benefits of contract against nonsignatory).

Accordingly, all the claims and all the parties in this case are squarely within the reach of these broad arbitration clauses. Under the presumption of arbitrability and the extremely broad approach mandated by the case law, there is no question that all of these claims are fully arbitrable and that each of the Defendants has the right to seek an order compelling arbitration.

### E. The Statutory Claims Are Fully Arbitrable.

As a final point, it is settled that the statutory claims are fully arbitrable, including claims made under the Lanham Act. *See Simula, Inc. v. Autoliv, Inc., supra,* 175 F.3d at 724. Arbitration is ordered unless there is a demonstrable legislative intent to preclude arbitration. *Mago v. Shaearson Lehman Hutton Inc.,* 956 F.2d 932, 935 (9th Cir. 1992). The party opposing arbitration has the burden to prove such an intent. *Id.* All of Plaintiffs' statutory claims, state and federal, are arbitrable.

### F. A Stay Of Further Proceedings In This Court Is Mandatory.

Upon granting an order compelling arbitration, the Court is required to issue a stay of all further proceedings in this Court pending the completion of arbitration. 9 U.S.C. § 4. A stay order should issue. "If a party fails to comply with the arbitration agreement, this Court will stay the proceedings and issue an order to compel arbitration." *Roberts v. Synergistic International, LLC, supra,* 676 F.Supp.2d 934, 946.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION

# IV.
# CONCLUSION

For the above reasons, Defendants respectfully request that the entire action, and all claims made or to be made in it, be referred and ordered to mediation and arbitration pursuant to the three (3) dispute resolution provisions they signed that are at the center of this dispute.

Dated: May ___, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By: /s/ Timothy J. Buchanan
Marshall C. Whitney
W. F. Docker
Timothy J. Buchanan
Attorneys for Defendants

12543-00003 1978099.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION